**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RAYMOND CARR, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-0435 |
| | § | |
| DIRECTOR OF TDCJ, *ET AL.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a former state inmate proceeding *pro se* and *in forma pauperis*, filed this lawsuit against "Director of TDCJ, Director of Board of Pardons and Paroles, Director of Ombudsman TDCJ, and Director of UTMB." The Court has screened the complaint as required by section 1915A, and finds that the complaint must be dismissed with leave to amend for the reasons that follow.

Plaintiff's complaint asserts jurisdiction under "the Texas Constitution and state statutes." Because plaintiff asserts no basis for federal jurisdiction, the complaint is DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

Moreover, plaintiff requests monetary compensation from the named defendants in their individual and official capacity. Because plaintiff identifies the defendants only in their official capacity and does not identify any defendant by name, plaintiff has raised only official capacity claims. His claims for monetary compensation against the defendants in their official capacity are barred by Eleventh Amendment immunity. *See In re Soileau*,

488 F.3d 302, 305 (5th Cir. 2007); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claims for monetary compensation against the defendants in their official capacity are DISMISSED WITH PREJUDICE.

The record reflects that no defendant currently named in this lawsuit was properly served with citation. Accordingly, the "Director of TDCJ, Director of Board of Pardons and Paroles, Director of Ombudsman TDCJ, and Director of UTMB" are DISMISSED WITHOUT PREJUDICE as defendants in this lawsuit.

Further, plaintiff states that his claims arise from the defendants' actions commencing in 1997 and ending in 2017. Plaintiff's civil claims arising prior to February 13, 2016, would be barred by the applicable two-year statute of limitations. Plaintiff sets forth no factual allegations that would hold his claims timely filed. Consequently, plaintiff's claims arising prior to February 13, 2016, are DISMISSED WITHOUT PREJUDICE.

Regardless, plaintiff sets forth no factual allegations sufficient to "raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because plaintiff sets forth no factual allegations supporting his legal claims, he raises no viable claims for relief. The complaint is DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim for relief.

Plaintiff is ORDERED to file an amended complaint that cures the deficiencies set out in this order. Plaintiff may not raise claims that were raised and dismissed on the merits in any prior lawsuit, nor may he refer the Court to facts or claims set out in a prior lawsuit. All relevant factual allegations must be set forth in the amended complaint. The amended complaint must be filed within THIRTY DAYS from date of this order. Any untimely or non-compliant amended complaint will be stricken from the record without further notice, and an order will be entered dismissing this lawsuit without leave to amend.

Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on June 19, 2018.

Gray H. Miller
United States District Judge